The question to be determined in this case is the proper construction to be given to the will of Hermann Haase, late of Jersey City, New Jersey. After providing for the payment of debts and funeral expenses, the second clause of his will is as follows:
"I give and bequeath unto my beloved wife, Ottilie Haase, all my United States Government Bonds and all mortgages I may hold at the time of my decease, and all my stocks and bonds in American Companies and all money or moneys in my name in any bank or banks in the United States of America unto herself, her heirs and assigns forever. I further direct that the sum of Twenty Thousand ($20,000) Dollars shall be set aside by my executor, hereinafter named, and invested by him and the interest derived therefrom shall be paid to my said wife, Ottilie Haase, during her lifetime at such time or times and in such amounts as my said executor may deem advisable, and upon the death of my said wife I direct that the said sum of Twenty Thousand ($20,000) Dollars shall be and become part of my residuary estate."
By the third and fourth clauses of the will certain money legacies were directed to be paid out of his interest in the assets of a partnership existing at the time of his death in a grocery business conducted by Haase Koehl. Lastly, the residuary estate, from whatever source arising, was bequeathed to certain relatives.
The final decree provided that the bequest to Ottilie Haase, the widow, of all United States government bonds, all mortgages, all stocks and bonds in American companies and all moneys in any banks in the United States of America, constituted a specific legacy; that from said specific legacy $20,000 should be set aside by the executor and trustee and invested by him, the interest therefrom to be paid to the testator's widow during her lifetime, at such time or times and in such amounts as the said executor and trustee might deem advisable; said trust fund to draw interest from the date of the death of the testator; and after the death of the widow the corpus of the said trust fund to become part of the residuary estate and be *Page 224 
distributed in accordance with the provisions of the will relating thereto.
It is apparent that in this decree there was manifest error. There was an absolute specific bequest to the widow of the entire interest in United States government bonds, mortgages, American stocks and moneys in bank. The direction to create the trust was clearly to create the same from other assets in the estate, and the direction by the court of chancery to the contrary did violence to the clear intent of the testator manifest throughout the will that his widow should take certain specific property, as well as a trust fund to be set up from other assets in the estate. The mere circumstance that there may not be sufficient funds to set up the full amount of the trust fund is no reason to overlook the direction for the creation of a trust fund of $20,000 for the widow for life after the gift of the specific securities mentioned. The testator no doubt intended to make ample provision for his wife's needs and after her death the trust fund falls into the residue. The express language in the will cannot be violated merely because the remainder may be for the present non-existent and the funds available for the establishment of the trust fund may be insufficient. The absolute bequest of specific personalty and the further provision for the trust fund must be respected.
Other points raised, but not argued, will, of course, not be considered.
The decree below is reversed, with costs.
For affirmance — CASE, WELLS, HAGUE, JJ. 3.
For reversal — THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 11. *Page 225